IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CRYSTAL A. FERRER,<br><br>        Plaintiff,<br>vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. 1:23-CV-16-MJT |

## REPORT AND RECOMMENDATION REGARDING ATTORNEY FEES

This case was referred to the undersigned United States Magistrate Judge and initially sought judicial review of an administrative decision denying the Plaintiff, Crystal A. Ferrer ("Ferrer"), disability benefits. On June 2, 2023, the Honorable Michael J. Truncale adopted the undersigned's report recommending that this case be remanded for further proceedings and entered a final judgment. (Docs. #11, #12.)

### I. Application for Attorney's Fees

Now before the court is Ferrer's "Agreed Petition and Brief for Award of Attorney Fees and Court Costs Under the Equal Access to Justice Act." (Doc. #15.) The Equal Access to Justice Act (EAJA), codified at 28 U.S.C. § 2412, et seq., empowers courts to award attorney fees to parties who prevail in litigation against the United States.

Plaintiff's counsel requests an award of attorney fees in the amount of $4,839.51 and court costs in the amount of $402.00. (*Id.*) To establish that the fee request was within the confines of 28 U.S.C. § 2412(d)(2)(A)(ii), Plaintiff's counsel submitted an itemized statement that shows a total of 3.10 attorney hours were billed in 2022 at the hourly rate of $224.11 and 17.85 hours were billed in 2023 at the rate of $232.20 for a grand total of $4, 839.51 in attorney fees. (*Id.*) The

hourly rate is based upon the standard rate of $125 then concurrently adjusted to account for increased costs of living consistent with the Consumer Price Index. The Certificate of Conference states that opposing counsel does not oppose the motion and gave permission to file the motion as an agreed upon motion by the parties. (*Id.* at 10.)

## II.  Standard for Attorney Fee Awards

Under the EAJA, attorney fees, costs, and expenses must be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified, or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). While an award generally is mandatory, the statute provides that attorney fees may not exceed $125.00 per hour. Such an hourly rate may be enhanced, however, if an increase in the cost of living justifies a higher fee. *See* 28 U.S.C. §2412(d)(2)(A)(ii).

Following the Fifth Circuit Court's decision in *Baker v. Bowen*, 839 F. 2d 1075 (5th Cir. 1988), this district has held that a party who is entitled under the EAJA to attorney fees in a social security case shall be entitled to cost-of-living fee enhancements upon proper proof and request. *See Mesdo v. Comm'r, Soc. Sec. Admin.*, No. 9:20-CV-18 (E.D. Tex. Dec. 16, 2021), ECF No. 31 (awarding attorney fees at $184.96 and $195.74 per hour); *Osburn v. Comm'r, Soc. Sec. Admin.*, No. 1:19-CV-103 (E.D. Tex. Aug. 5, 2021), ECF Nos. 19-20 (awarding attorney fees at $203.00 per hour); *Daniels v. Comm'r, Soc. Sec. Admin.*, No. 9:19-CV-155 (E.D. Tex. July 25, 2021), ECF No. 16 (awarding attorney fees at $200 per hour). Such CPI reports routinely are recognized as proof of cost-of-living increases that justify awarding attorney fees in excess of the $125 maximum statutory rate. *McClung v. Comm'r, Soc. Sec. Admin.,* No. 2:13-CV-00143, 2015 WL 2197963, at *2 (E.D. Tex. May 11, 2015) (citing *Baker*, 839 F. 2d at 1080.).

Plaintiff's counsel proffered a Consumer Price Index ("CPI") report compiled and published by the U.S. Bureau of Labor Statistics as proof of an increase in the cost of living. When awarding excess compensation, courts generally compare the CPI index for the region where services were performed as it existed when the statutory maximum hourly rate was first established with that index as it exists when professional legal services were provided.

### III. Application

A.  <u>Cost of Living Adjustment</u>

Plaintiff's counsel correctly calculated the amount for attorney fees in this case by citing and attaching the CPI and by providing an itemized statement of legal services rendered. The undersigned will therefore recommend awarding attorney fees in the amount requested.

B.  <u>Timeliness</u>

An award of attorney fees against the United States under the EAJA is not proper until the underlying judgment is final and not appealable, that is, until sixty days after entry of the judgment. *See* 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Because timeliness of the application is a jurisdictional requirement, it is a preliminary condition that must be satisfied before the court can consider the merits of an application for EAJA fees. *Lewis v. Sullivan*, 752 F. Supp. 208, 209 (E.D. La. 1990). When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has ended to submit an application. 28 U.S.C. § 2412(d)(1)(B).

The final judgment in this case was entered on June 2, 2023. (Doc. #12.) Pursuant to 28 U.S.C. § 2412(d)(2)(G), the judgment in this case was final and not appealable on August 2, 2023. Plaintiff filed his motion seeking attorney fees on August 11, 2023, which was within thirty days

3

after the period for appeal expired. Therefore, the court may enter an order for an award of attorney fees at this time.

    C.    <u>Award</u>

In *Shalala v. Schaefer*, 509 U.S. 292, 295 (1993), the Supreme Court stated that, "a court's order to remand a case pursuant to sentence four of §405(g) necessarily means that the Commissioner committed legal error." Consequently, the Plaintiff in this action is entitled to an award of attorney fees, expenses, and costs of court since there are no special circumstances or a showing that the position of the United States was substantially justified.

Counsel's petition includes a detailed recitation of legal services performed and the time those services required. For the reasons previously stated, this amount of time was reasonably necessary to pursue the Plaintiff's appeal of the Commissioner's unfavorable decision. The undersigned finds counsel's request at the rate of $125.00 per hour, plus cost-of-living enhancements, is not in excess of the statutory maximum when cost of living adjustments are calculated. Moreover, the Commissioner is unopposed to Plaintiff's request for fees and the calculation of fees to be awarded.

## IV. Recommendation

The Plaintiff is a prevailing party and is entitled to attorney fees under the Equal Access to Justice Act. The time expended by Plaintiff's counsel is reasonable. Therefore, it is recommended that:

1. Plaintiff's application for attorney fees and costs be granted;

2. That the Commissioner of Social Security pay Crystal A. Ferrer, in care of her attorney, Ronald D. Honig, an attorney fee in the amount of $4,839.51 and court costs in the amount of $402.00, and it should be mailed to: Crystal A. Ferrer, in care of her attorney, Ronald D. Honig, at his office address, 9330 LBJ Freeway, Suite 870, Dallas, TX 75243; and

3.  This award is subject to any beneficial, contractual and/or assignment-based interests held by the Plaintiff's attorney.

## VI.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 16th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

5